United States District Court
Southern District of Texas

**ENTERED**

October 06, 2021

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KAREN GABRIEL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:20-CV-02588** |
| | § | |
| **DENIS MCDONOUGH, SECRETARY, U.S.** | § | |
| **DEPARTMENT OF VETERANS AFFAIRS,** | § | |
| | § | |
| **Defendants.** | | |

## MEMORANDUM & ORDER

The Court held a hearing on Defendant's Motion for Summary Judgment (Doc. 27) on September 29, 2021. At that hearing, the Court took the submissions under advisement. The Court now **GRANTS** Defendant's Motion for Summary Judgment. The Court provides this Memorandum & Order to further document its rulings and reasoning with regard to Family Medical Leave Act (FMLA) interference and retaliation.

### A. FMLA Retaliation

In order to establish a prima facie case of retaliation under the FMLA, the aggrieved employee must show the following: (1) she was protected under the FMLA; (2) she suffered an adverse employment action; and (3) the adverse decision was made because she took leave to which she was entitled under the FMLA. *Leal v. BFT, Ltd. P'ship*, 423 Fed. Appx. 476, 479 (5th Cir. 2011). This final element requires proof of a causal link. *Acker v. Gen Motors*, L.L.C., 853 F.3d 784, 790 (5th Cir. 2017). The FMLA bars an employer only from retaliating against an employee for engaging in conduct protected by the Act. *Besser v. Tex. Gen. Land Office*, 834 Fed. Appx. 876, 882-83 (5th Cir. 2020). Specifically, it is crucial that Plaintiff show that she suffered retaliation because she either (1) actually took FMLA leave or (2) opposed a practice prohibited by the FMLA. 29 U.S.C.A. § 2615(a)-(b). Complaints about an employer's actions that are not

1

unlawful under the FMLA cannot form the basis of a retaliation claim. *Besser,* 834 F.3d at 882-83.

Retaliation claims under both Title VII and the FMLA are analyzed under the *McDonnell Douglas* burden-shifting framework. *Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016). Under this framework, (1) Plaintiff first has the burden of establishing a prima facie case of retaliation; if a case is made, (2) the burden shifts to the Defendant to offer a legitimate, nonretaliatory reason for the employment action; and if reason is offered, (3) the burden shifts back to Plaintiff to demonstrate that Defendant's proffered reason is pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Plaintiff must bring "substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for" retaliation. *See Laxton v. Gap Inc*., 333 F.3d 572, 578 (5th Cir. 2003). Substantial evidence means that it is "of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Id*. at 579.

Here, Plaintiff offers no evidence that she took FMLA leave or opposed a practice prohibited by the FMLA.

Though she submitted FMLA paperwork in December of 2017 (Doc 27-3 at 11-14), Plaintiff never took FMLA leave and furnishes no evidence to the contrary. Plaintiff's final interim accommodation was "liberal amounts of leave including Sick Leave, Advance Leave, and Leave Without Pay." (Doc 27-1 at 2). Advance leave occurs when an employee requests to use leave that she would normally only collect later, and this leave is paid. (Doc. 28-1 at A-024). Similarly, sick leave allows an employee to use paid leave for a certain number of sick days. *Id*. Leave without pay is an approved temporary non-pay status and absence from duty granted as a matter of supervisory discretion. *Id.* In contrast, the FMLA provides employees with job-

protected and unpaid leave for qualified medical and family reasons. 29 U.S.C.A. § 2612(a)(1).

One of Plaintiff's primary complaints is that, while she was on leave, she was not getting paid. First, by Plaintiff's own admission, she did get fully compensated for her time on leave, receiving pay in March of 2018. (Doc. 127-5 at 142:2-5). As such, Plaintiff did not take unpaid FMLA leave. Furthermore, Plaintiff's argument for additional compensation indicates she did not, and does not now, desire unpaid FMLA leave. Since Plaintiff furnishes no facts showing that she actually took FMLA leave, she may not proceed on a claim of FMLA retaliation on that basis.

Plaintiff also furnishes no facts showing that she suffered retaliation because she opposed a practice prohibited by the FMLA. The statute states, in relevant part, that an employer cannot discriminate against any person because that person has (1) filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter; **(2)** has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or **(3)** has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter. 29 U.S.C.A. § 2615(b)(1)-(3). This lawsuit aside, Plaintiff cannot show that she instituted or participated in any proceedings affecting her own, or anyone else's FMLA rights. As such, she cannot prevail on an FMLA retaliation claim premised on her opposition to practices prohibited by the FMLA.

However, the result does not change even if we choose to assume that Plaintiff's request for FMLA leave was a valid basis for retaliation. *See Skrjanc v. Great Lakes Power Serv. Co.,* 272 F.3d 309, 314 (6th Cir. 2001) (holding that the right actually to take twelve weeks of leave pursuant to the FMLA includes the right to declare an intention to take such leave in the future). Plaintiff still fails to make out a cognizable FMLA retaliation claim. Plaintiff is unable to

3

articulate a causal nexus between her request for FMLA leave and any materially adverse action, and, in any event, Plaintiff is unable to overcome the *McDonnell Douglas* burden shifting framework.

We take a few of Plaintiff's proffered materially adverse actions in turn.

Plaintiff claims that her employer retaliated against her by marking her AWOL. (Doc. 1 ¶ 17). Here, even if we assume without deciding that marking Plaintiff AWOL was a materially adverse action taken because Plaintiff requested FMLA leave, Plaintiff's claim fails the *McDonnell Douglas* burden shifting test. Defendant offers a legitimate nonretaliatory reason for the employment action: Supervisor Hodges said that, while she granted liberal amounts of leave, Hodges' grant to Gabriel still required an approval process; that is to say, it was not final until the proposed leave went through Human Resources and received a final memorandum of approval. (Doc. 28-1 at A-099). So, Defendant urges that the AWOL status was an interim accommodation until approval was granted, at which point the time cards were corrected reflecting approved leave. *Id*. And Plaintiff indeed ended up receiving all requested leave and requisite compensation once approval was granted. (Doc. 27-5 at 139:17-22, 140:20-142:5)**.** Plaintiff is unable to demonstrate that Defendant's proffered reason is pretextual, instead baldly asserting that Hodges was lying. (Doc. 28 at 4).

Further, Plaintiff asserts that she was retaliatorily denied a reasonable accommodation of light duty. However, her reasonable accommodation request was never denied. Defendant points out that there were no light duty assignments available when Plaintiff requested one in December, so Defendant offered liberal amounts of leave as an interim measure. (Doc. 27:4-5). And Plaintiff returned to work in full capacity only after her doctor approved her for full duty work. (Doc. 27-5 at 99). Plaintiff does not put forth any evidence showing that Defendant's

proffered reason is pretextual. Even assuming Plaintiff's reasonable accommodation had been denied, Plaintiff fails to make a causal connection between such denial and her exercise of FMLA rights.

Plaintiff also claims that Defendant retaliatorily delayed submission of Plaintiff's request for advanced annual leave, which resulted in a denial. Plaintiff's request for advanced annual leave was not ultimately denied. She made her request on December 4, 2017, Defendant submitted the paperwork on December 22, 2017, and Plaintiff received her requested leave. (Doc 27-4 at 3; 27-5:17-22, 140:20-142:5).

Ultimately, Plaintiff fails to present evidence that she was protected under the FMLA, fails to establish a causal nexus between her taking FMLA leave and any adverse action, and fails the *McDonnell Douglas* burden shifting test in any case.

### B.  FMLA Interference

To make a prima facie case of interference, a plaintiff must show "(1) [the plaintiff] was an eligible employee; (2) [her] employer was subject to FMLA requirements; (3) [s]he was entitled to leave; (4) [s]he gave proper notice of [her] intention to take FMLA leave; and (5) [her] employer denied [her] the benefits to which [s]he was entitled under the FMLA." *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017). Furthermore, even if plaintiff is able to prove a violation of an FMLA regulation, she is not entitled to relief unless she is able to show prejudice. *Ragsdale v. Wolverine World Wide, Inc*., 535 U.S. 81, 89, (2002); *see also Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017). Prejudice is a "real impairment" of an employee's FMLA rights. *Downey v. Strain*, 510 F.3d 534, 540 (5th Cir. 2007). A plaintiff does not suffer an FMLA injury when she receives all the leave she requested. *Park* at 294 citing *De La Garza-*

*Crooks v. AT&T*, 252 F.3d 436 (5th Cir. 2001).

Specifically, the FMLA "provides no relief unless the employee has been prejudiced by the violation: "The employer is liable only for compensation and benefits lost 'by reason of the violation,' for other monetary losses sustained 'as a direct result of the violation' and for 'appropriate' equitable relief, including employment, reinstatement, and promotion. The remedy is tailored to the harm suffered." *Ragsdale v. Wolverine World Wide, Inc*., 535 U.S. 81, 89 (2002)(internal citations omitted).

The FMLA provides employees with 12 workweeks of unpaid leave during any 12-month period with the opportunity to return to the exact same position occupied before taking such leave. 29 U.S.C.A. § 2612(A)(1). Plaintiff received paid leave in the amount that she requested. (Doc 27-4 at 3; 27-5:17-22, 140:20-142:5). Plaintiff does not request that her paid leave be retroactively changed to unpaid FMLA leave; in fact, she claims that she is entitled to be paid more than she was. And it is undisputed that, when Plaintiff returned to work on January 15, 2018, she was in the same position and making the same money as before her leave; moreover, there were no changes to her job. As such, Plaintiff fails to point to compensation or benefits lost by reason of any FMLA interference.

For the reasons described above and as stated on the record at the September 29, 2021 hearing, the Court **GRANTS** Defendant Dennis McDonough's Motion for Summary Judgment.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 6th day of October, 2021.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

6